## STATE OF FLORIDA v. COLLINS
No. 82-1875
Second Judicial Circuit, Leon County
January 4, 1983

C.L. Fordham, Jr., Asst. State Attorney, for plaintiff.

Milton E. Grusmark, for defendant.

BEN C. WILLIS, Circuit Judge

The State appeals an Order of the County Court of Leon County, dated July 12, 1982, which granted a motion of the defendant in a

criminal action to dismiss the "complaint" against him. In effect, it was a dismissal of the Information filed against him that defendant sought, and the order involved is deemed to have dismissed finally the Information filed against defendant by the Office of the State Attorney. The Information charges defendant with a violation of Section 112.317(6), Florida Statutes, and alleges that defendant, on December 17, 1981 in Leon County, "did then and there willfully disclose the existence or contents of a complaint filed with the Florida Commission on Ethics, prior to said complaint becoming a public record."

The defendant contends, and the trial court held, that Section 112.317(6) is unconstitutional as violating First Amendment rights of free speech. The State seeks reversal, contending the statute serves a legitimate State concern. Cited in support is *Landmark Communications, Inc. v. Virginia,* 435 U.S. 829 (1978).

The statute under attack forbids the willful disclosure of an intention of any person to file a complaint or the existence of the contents of a complaint, which has been filed with the Florida Commission on Ethics, or any document, action, or proceeding in connection with a confidential preliminary investigation of the Commission before such complaint, document, action or proceeding becomes a public record. Violation of the statute is designated a misdemeanor of the first degree.

The *Landmark* decision, supra, involved a criminal prosecution of a newspaper for publishing truthfully an article reporting on a pending inquiry by a Virginia judicial inquiry commission on the conduct of a state judge. Virginia statutes and its constitution declared such proceedings confidential, and made divulgence of such confidential information a misdemeanor. The defendant newspaper was tried, found guilty and a fine imposed. The statute, as it applied to the defendant there, which was not a participant in the commission inquiry or proceedings, was held to violate First Amendment freedom of speech and press rights, and the conviction was nullified. The Court confined its consideration to the right of a state to impose sanctions on non-participants in the proceedings before the commission. The state courts, including the Virginia Supreme Court, identified three valid functions of the confidentiality of the proceedings, namely (1) protection of a judge's reputation from adverse publicity arising from frivolous complaints; (2) maintenance of confidence in judicial system by preventing the premature disclosure of a complaint before the commission had determined the charge well founded; and (3) protection of witnesses and complainants from recrimination during the proceedings and prior to determination of the validity of the complaint. The state supreme court concluded that the sanctions are indispensable to suppression of a clear and present danger

posed by premature disclosure of the sensitive proceedings — "the imminent impairment of the effectiveness of the commission and the accompanying immediate threat to the orderly administration of justice."

The U.S. Supreme Court rejected the clear and present danger test, and all other arguments to support the statute, as it applied to non-participants in the proceeding. However, it is clear that the Court did not address the question of constitutional validity of the statute as it would apply to participants, including one who had initiated proceedings before a body considering the conduct of a public official or employee. The Court stated: "We do not have before us any constitutional challenge to a State's power to keep the Commission's proceedings confidential or to punish participants for breach of this mandate."

Thus, the *Landmark* case does not declare that a statute such as Section 112.317(6), Florida Statutes, may not constitutionally render confidential proceedings in inquiries such as the Ethics Commission conducts until the commission action is made public. The prohibited disclosure under the statute is very limited, and is confined to the act of intention to file a complaint and the existence or contents of such a complaint with the Ethics Commission. The State concedes that it is only these acts which are forbidden, and that one may speak or write as one pleases about a public officer or employee so long as the fact or contents of a complaint is not mentioned. This is said to enable the commission to proceed in any orderly fashion without outside pressures, as well as to protect a public figure from adverse publicity from frivolous and unfounded malicious complaints.

A footnote in the *Landmark* case (No. 9, p. 837) remarked that the Virginia statute was said to be unclear with regard to whether the proscription against divulging information concerning a commission proceeding applied to third parties, as well as those who actually participated in the proceeding. It was observed that the Virginia Supreme Court construed the statute to encompass the newspaper, which was a third party. It was stated, following this, as follows:

> "Although a contrary construction might well save the statute from constitutional invalidity 'it is not our function to construe a state statute contrary to the construction given it by the highest court of a state.' "

The trial court concluded that the statutory restraints on free speech had to be examined closely, and that there was no great public interest to be served in "subverting" the freedom of speech of defendant in this instance.

There is another principle that the Courts must observe, and that is that a legislative enactment is not to be struck down as invalid unless it is clearly contrary to the constitution. There is a vast difference in the posture of one who implements the procedures to investigate a complaint against a public official or employee and to seek disciplinary or punitive action against such person, and one who is not a participant or privy in any way to such a proceedings. It hardly comports with logic that a person who intentionally puts in motion a proceeding before a statutorily created body to investigate a public figure and to invoke all its statutory powers to bring his quarry to account may ignore and violate other statutory provisions governing the processing of the complaint. It is not only the person who is the object of the inquiry who must abide by the rules, but the complainant as well.

The slight restraint on disclosures imposed upon participants is not such a burden and infringement of First Amendment freedoms as would warrant the Courts to invalidate the statute.

The trial court is reversed, and the case remanded for proceedings in accord with this opinion.